FILED by ___ D.C.
ELECTRONIC

**June 9, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

NEIL TRANCHESE and
PATRICIA TRANCHESE,

        Plaintiffs,

vs.

PATRICK DEBLASIO, KEN CHARLES
HIRSCHENSOHN, SCOTT JAMES
WALKER, JANE THACKREY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,

        Defendants.

_____/

**08-CV-80614-Hurley-Hopkins**

CASE NO.

## NOTICE OF REMOVAL

Defendants State Farm Mutual Automobile Insurance Company ("STATE FARM"),

KEN CHARLES HIRSCHENSOHN ("HIRSCHENSOHN"), SCOTT JAMES WALKER

("WALKER"), JANE THACKREY ("THACKREY"), by and through their undersigned counsel,

and pursuant to 28 U.S.C. § 1441(a), hereby petition this Honorable Court for removal of

the Amended Complaint pending in the Circuit Court in and for Palm Beach County,

Florida, styled *Neil Tranchese and Patricia Tranchese v. Patrick Deblasio, Ken Charles*

*Hirschensohn, Scott James Walker, Jane Thackrey and State Farm Mutual Automobile*

*Insurance Company,* Case No. 50-2008-CA-002226 XXXX MB, wherein Plaintiffs have

made a claim against Defendants, and in support states:

    1.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

    2.    Defendants, STATE FARM, HIRSCHENSOHN, WALKER and THACKREY,

voluntarily accepted service of the Amended Complaint in this case on May 19, 2008.  A

copy of the Amended Complaint and other filings in the State Court below are attached hereto as Exhibit "A." An initial complaint was previously filed in the action, but not served on the Defendants.

3.     At the time of this removal, Plaintiffs are residents of Broward County, Florida, as alleged in Paragraph 2 of the Amended Complaint.

4.     At the time of this removal, State Farm is a foreign corporation as alleged in Paragraph 7 of the Amended Complaint.

5.     More specifically, State Farm is an Illinois corporation with its principal place of business in the state of Illinois. *See* Affidavit of Greta D. Wallace, attached hereto as Exhibit "B." A corporation is a citizen of the state in which it is incorporated and where its principal place of business is located.  28 U.S.C. § 1332(c).

6.     Complete diversity of citizenship exists between Plaintiffs, NEIL TRANCHESE and PATRICIA TRANCHESE, and Defendant, STATE FARM.

7.     Plaintiffs have misjoined and/or fraudulently joined Florida residents DEBLASIO, HIRSCHENSOHN, WALKER and THACKREY as co-defendants.

8.     With respect to HIRSCHENSOHN, WALKER and THACKREY, Florida law does not recognize any viable cause of action against these Defendants. Accordingly, they should be disregarded as Defendants for jurisdictional purposes under the doctrine of fraudulent joinder. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996); *Droessler v. Wyeth-Ayerst Lab.*, 64 F. Supp. 2d 1265, 1270 (S.D. Fla. 1999).

9.     HIRSCHENSOHN and WALKER are State Farm employees who were acting in the course and scope of their employment as alleged in Paragraph 10 of the Amended Complaint. *See Lamar Advertising of Mobile, Inc. v. City of Lakeland, Florida*, 980 F. Supp.

2

1455 (M.D. Fla. 1997) (dismissing governmental employees acting in their official capacity for improper joinder). THACKERY is a State Farm agent who procured an insurance policy for the TRANCHESES. The gravamen of the Amended Complaint is that State Farm, its employees, and its agents failed to disclose claim handling guidelines when disclosing insurance policy coverages. None of the State Farm Defendants had a duty to disclose the claim handling guidelines, so Plaintiffs have no viable cause of action against the non-diverse Defendants. *See TransPetrol, Ltd. v. Radulovic*, 764 So.2d 878, 879 (Fla. 4th DCA 2000); *King v. National Sec. Fire & Casualty Co.*, 656 So.2d 1338 (Fla. 4th DCA 1995). Moreover, the allegations against the non-diverse State Farm defendants are based on fraud, but Plaintiffs cannot establish the essential element of detrimental reliance. *See Mailing Corp. v. Ladon Corp.*, 85 So.2d 607 (Fla. 1956). Nor can Plaintiffs establish the essential element of damages caused by the alleged misrepresentation or omission. *See Casey v. Welch*, 50 So.2d 124 (Fla. 1951); *Cape Cod Trust Co. v. Wickson*, 143 So.2d 339 (Fla. 2nd DCA 1962).

10.     Plaintiffs also mis-joined Florida resident PATRICK DEBLASIO as a co-defendant. That action is based on negligence arising out of an automobile accident. The legal action brought against STATE FARM is for fraud and unjust enrichment based on STATE FARMS alleged concealment of its claim handling guidelines when making insurance policy disclosures. Plaintiffs are not asserting against DEBLASIO and STATE FARM any joint or several liability for the same conduct. Moreover, the liability of DEBLASIO does not arise out of the same transaction, occurrence or series of transactions or occurrences as the fraud and unjust enrichment claims against STATE FARM.

3

Therefore, Fed. R. Civ. P. 20 is not satisfied by bringing DEBLASIO and STATE FARM together in a single action.  *See Casseus v. R&J of South Florida, Inc., d/b/a Rick's Bar and Grill*, 2007 WL 2376242 (S.D. Fla. 2007); *Ravin v. Hockman*, 2007 WL 29248, 20 Fla. L. Weekly Fed. D 350 (S.D. Fla. 2007).

    11.    In *Ward v. State Farm Mutual Automobile Insurance Company*, 2006 WL 1050635, *3-4 (M.D. Fla. 2006), District Judge Wm. Terrell Hodges succinctly summarized the concept of fraudulent joinder as follows:

> Fraudulent joinder is a judicially-created doctrine that provides an exception to the requirement of complete diversity. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). While "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)," the jurisdictional inquiry "must not subsume substantive determination." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). It follows that the Court "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.* These determinations are based on Plaintiff's pleadings at the time of removal, and on the affidavits and depositions transcripts submitted by the parties. *Id.* at 1538.
>
>              \*   \*   \*
>
> Fraudulent joinder has been recognized in three situations. *Triggs*, 154 F.3d at 1287. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. See Id. citing *Choker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), superceded by statute on other grounds, see *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiffs' pleading of jurisdictional facts. *See id.* The Eleventh Circuit recognized a third situation of fraudulent joinder in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204

4

F.3d 1069 (11th Cir. 2000) – *i.e.*, where a diverse defendant is joined with a nondiverse defendant as to whom there is not joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Triggs*, 154 F.3d at 1287 (citing *Tapscott*, 77 F.3d at 1355).

12.     Based on the allegations of the Amended Complaint and pre-suit demands based on the same factual allegations, it is clear that the amount in controversy exceeds $75,000 exclusive of interest and costs.  Paragraphs 108-110 of the Amended Complaint alleged entitlement to a distribution in the amount of $2,650,000.

13.     Venue is proper in the West Palm Beach Division of this Court pursuant to Local Rule 3.1.F as the state court proceeding is pending in Palm Beach County.

14.     A true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind filed with the State Court in this Action are attached hereto as Exhibit "A" as required by 28 U.S.C. § 1446(a).

15.     A copy of this Notice of Removal is being filed with the State Court where this action is pending "promptly after" the filing in this Court of the Notice of Removal, pursuant to 28 U.S.C. §1446(d).

16.     This Notice of Removal is filed within thirty (30) days of the case being served upon State Farm, Hirschensohn, Walker and Thackrey.  Pursuant to 28 U.S.C. §1446(b).

5

WHEREFORE, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

KEN HIRSCHENSOHN, SCOTT WALKER and JANE THACKREY, request this Honorable

Court to exercise jurisdiction over the Amended Complaint and demand trial by jury.

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

DAVID B. KROUK, ESQ.
Florida Bar No. 0949840
E-mail: dkrouk@butlerpappas.com
ALAN J. NISBERG, ESQ.
Florida Bar No.: 0961639
E-mail: anisberg@butlerpappas.com
One Harbour Place, Suite 500
777 S. Harbour Island Blvd.
Tampa, FL 33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
Attorneys for Defendants STATE FARM MUTUAL
AUTOMOBILE  INSURANCE  COMPANY,  KEN
HIRSCHENSOHN,  SCOTT  WALKER  and  JANE
THACKREY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Unavailability has been furnished to Henry A. Seiden, Esq., The Seiden Law Firm, 301 Clematis Street, Suite 201, West Palm Beach, FL 33401, via Federal Express this 6th day of June, 2008.

DAVID B. KROUK, ESQ.

6

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
PALM BEACH COUNTY, FLORIDA

NEIL TRANCHESE and
PATRICIA TRANCHESE

CASE NO.: 50 2008 CA 002226 XXXX MB AI

    Plaintiff(s),

Fla. Bar No. 436763

vs.

PATRICK DEBLASIO, KEN CHARLES
HIRSCHENSOHN, SCOTT JAMES
WALKER, JANE THACKREY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation ,

    Defendant(s)

_____/

## PLAINTIFFS' NOTICE OF UNAVAILABILITY

The Plaintiffs, Neil Tranchese and Patricia Tranchese and their counsel give this their

notice that their counsel is unavailable for the following periods:

July 22, 2008 through August 4, 2008

October 10 and 13, 2008

May 22, 2009 through June 5, 2009

Accordingly, Plaintiffs respectfully requests that no hearing be filed which requires a

timely response during this time; and that pending matters remain in status quo during this period

of time, save and except for legitimate emergencies.

This filing and services of this Notice shall constitute an application and request for continuance, extension of time and/or protective order as required for the above reason.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by fax and U.S. Mail this 23rd day of May, 2008 to: David B. Krouk, Esq., 777 South Harbour Island Blvd., Suite 500, Tampa, Florida 33607.

THE SEIDEN LAW FIRM
Attorneys for Plaintiff
301 Clematis Street, Suite 201
West Palm Beach, Fl. 33401
Ph:  (561)833-8988
Fax: (561) 828-9246

By_____
    HENRY A. SEIDEN, ESQ.

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

NEIL TRANCHESE and
PATRICIA TRANCHESE,

    Plaintiffs,

vs.

CASE NO.:
50 2008 CA 002226 XXXX MB AI

Fla. Bar No.: 436763

PATRICK DEBLASIO, KEN CHARLES
HIRSCHENSOHN, SCOTT JAMES
WALKER, JANE THACKREY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
        Defendant(s).

_____/

## NOTICE TO SERVING INITIAL INTERROGATORIES TO DEFENDANT KEN CHARLES HIRSCHENSOHN

To: Ken Charles Hirschensohn

    COMES NOW the Plaintiffs, Neil Tranchese and Patricia Tranchese, by ad through undersigned counsel, pursuant to Fla. R. Civ. P. 1.340, hereby give notice of service of the attached Initial Defendant, Ken Charles Hirschensohn numbered 1 through 25, to be answered within forty (45) days in accordance with said rule.

    I HEREBY CERTIFY that a true and correct copy of the foregoing and two sets of interrogatories were furnished to the process server with the Summons and Amended Complaint.

THE SEIDEN LAW FIRM
Attorneys for Plaintiffs
301 Clematis Street, Suite 201
West Palm Beach, Fl. 33401
ph.: (561)615-8225

By:_____
      HENRY A. SEIDEN
      Fla. Bar No.: 436763

## INTERROGATORIES TO DEFENDANT HIRSCHENSOHN

NOTE -- These interrogatories seek last known residence addresses of individuals for the sole purpose of the Plaintiff being able to subpoena and independently secure their attendance as witnesses. For each such person, the phrase "see attached affidavit" may be substituted for the address.

### DEFINITIONS

"State Farm" means State Farm Mutual Automobile Insurance Company

1. What is the name and residence address of the person answering these interrogatories and, if applicable, the person's special position or relationship with the party to whom the interrogatories are directed?

2. Describe in detail each act or omission on the part of any party to this lawsuit you contend was a contributing legal cause to any damage claimed in the complaint.

3. Do you contend that any person or entity other than you is, or may be liable, in whole or in part, for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person if your contention.

4. List the names and last known residence addresses. of all persons believed or known to you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings, including the factual basis for your denial of any allegation contained in

the Amended Complaint and any affirmative defense you have alleged, and specify the subject matter about which the witness has knowledge,.

5. List the names, last known residence addresses, title, employer and date(s) of involvement of all persons believed or known to you who participated in any claim supervision, approval, disapproval, over-sight, decision-making, evaluation or adjustment associated any claim by Neil Trancheses arising from motor vehicle accidents on July 4, 2005 and March 15, 2006.

6. Has any fact become known to you that has altered any information provided in your response to Neil Tranchese's insurance information disclosure request made by his attorney under Section 627.4137, Florida Statutes? If so, specify each and every fact that has become known to you, the names, last known residence address, title and employer of all persons known to you who acquired knowledge of said facts (exclusive of any attorney representing you as a client), has knowledge that said policy does not provide coverage and the date each such person acquired knowledge that said policy does not provide coverage.

7. Have you amended your response to insurance information disclosure request made by Plaintiff's attorney under Section 627.4137, Florida Statutes? If so, specify the number of amendments, each and every fact amended, the date each amendment was made, the names, last known residence address, title and employer of all persons making the amendment, the manner in which the amendment was communicated and the name and address of the recipient of each amendment.

8. Did you willfully and intentionally represent to Plaintiff's attorney as part of your response to Plaintiff's insurance disclosure, under penalties of perjury, that: "An

amendment to this statement will be provided should facts become known that would alter this information."

9. Did you willfully and intentionally make the representations in your response to insurance disclosures request from Plaintiff's attorney, including but not limited to the phrase "under penalties or perjury," for the purpose of Plaintiff and his attorney relying upon your representations?

10. Has State Farm ever notified or trained you regarding its Excess Assurance Program? If so, please specify what State Farm notified you about the program, the date of each notification, identify all materials provided or reviewed by you pertaining to said program, the names, addresses, title and employers of all persons providing said notification and training and the names, addresses, title and employers of all State Farm co-employees whom you know have also been notified or trained about the program.

11. Have you ever been involved in a first-party claim for uninsured/underinsured motorist benefits in which the policyholder member received payment of money in excess of the coverage limits listed on the policyholder's declarations page? If so, please state the claim number and name of the policyholder receiving said excess payment.

2

12. Have you submitted a request for or served on the Claim Committee in the past 10 years regarding any claim in which there was a request for, eligibility granted and/or payment under State Farm's Excess Assurance program? If each instances, please state the claim number, named insured and claimant's name.

13. Did your response to the insurance disclosure request by Neil Tranchese's attorney include furnishing a declarations page, other than the letter that you signed disclosing coverage limits?

14. Did you know that a declarations page, other than the letter that you signed disclosing coverage limits, was not included with the policy that accompanied your disclosure? If so, describe all actions taken by you to furnish the declarations page upon learning about the absence of the declarations page.

15. In preparing your response to the insurance disclosure-request-by-Plaintiff's attorney, did you make a request to anyone to furnish you with information with which to formulate the response, including requesting that someone provide you to a copy of the policy? If so, please state the names, last known residence address, title and employer of all persons to whom you made the request and who responded to your request, the date of each request and response, the date of each request and response and the substance of each request and response

16. In preparing your response to the insurance disclosure request by Plaintiff's attorney, did you make a request to anyone to furnish you with a declarations page to include with your response? If so, please state the names, last known residence address, title and employer of all persons to whom you made the request and who responded to your request, the date of each request and response, the date of each request and response and the substance of each request and response

17. Does State Farm, as a general business practice, provide you with declarations pages to forward to claimants along with your in responses to insurance disclosure requests received pursuant o Section 627.4137, Florida Statutes? If so, please state all facts and circumstances that distinguished why such other claimants were provided with declarations pages and Plaintiff/Plaintiff's attorney were not provided with a declarations page.

18. Once you have obtained knowledge of State Farm's approval for a policyholder member to be eligible or protected under State Farm's Excess Assurance Program, under what circumstances do you disclose the excess protection to the claimant? For each such reason given, please identify the source upon which you are relying that provides your knowledge for the circumstance given.

19. Under circumstances in which State Farm's Excess Assurance Program provides protection to any State Farm policyholder members for any compensatory award by a claimant, please state each and every reason known to you why the policyholder's uninsured/underinsured motorist coverage, if existent, does not also increase to equal the excess protection.

20. To the best of your knowledge and belief, is a payment to a third party claimant made under State Farm's Excess Assurance Program on behalf of a State Farm policyholder member a payment under the member's policy, a distribution to the member which State Farm pays to the claimant on the member's behalf or a payment under another category? If your answer is payment under another category, please specify the category and identify any State Farm source upon which you rely or from which you obtained your knowledge.

21. In the past 10 years, have you been a trainer or attended any training sessions regarding State Farm's Excess Assurance Protection program? If so, please state the date and location at each session at which you have been a trainer or trainees and all persons whom you trained and/or attended the training sessions with you.

22. In the past 10 years, have you ever written a letter to a State Farm policyholder granting or denying Excess Assurance Protection to the policyholder? If so, please state the name and address of the policyholder, the claim number and the name and address of the claimant's representative.

23. In the past 10 years, have you requested Excess Assurance Protection for a State Farm policyholder? If so, please state the name and address of the policyholder, the claim number and the name and address of the claimant's representative.

24. Have you ever been the Team Manager of any uninsured/underinsured motorist claim in which State Farm an amount to the policyholder claimant in excess that the coverage limits stated on the policyholder's declarations page? ? If so, please state the name and address of the policyholder, the claim number and the name and address of the claimant's representative.

25. In the last 10 years, has State Farm broadened the coverage of any coverage provided by State Farm under its policy? If so, please state the type of coverage broadened, how the coverage was broadened, the date the when such broadened occurred and what notice was given to all policyholders regarding the broadened coverage.

Name: _____

STATE OF            )

COUNTY OF          )

, having been sworn under oath and personally known to me or having produced the following identification , says that the foregoing Answers to Interrogatories have been reviewed and are true and correct.

SWORN TO and subscribed before me this          day of

, 20

—————————————————
NOTARY PUBLIC, STATE OF

My Commission Expires:

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

NEIL TRANCHESE and
PATRICIA TRANCHESE,

    Plaintiffs,

vs.

PATRICK DEBLASIO, KEN CHARLES
HIRSCHENSOHN, SCOTT JAMES
WALKER, JANE THACKREY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
        Defendant(s).

CASE NO.:
50 2008 CA 002226 XXXX MB AI

Fla. Bar No.: 436763

_____/

## NOTICE TO SERVING INITIAL INTERROGATORIES TO DEFENDANT JANE THACKREY

To: Jane Thackrey

    COMES NOW the Plaintiffs, Neil Tranchese and Patricia Tranchese, by ad through undersigned counsel, pursuant to Fla. R. Civ. P. 1.340, hereby give notice of service of the attached Initial Defendant, Jane Thackrey numbered 1 through 256 to be answered within forty (45) days in accordance with said rule.

    I HEREBY CERTIFY that a true and correct copy of the foregoing and two sets of interrogatories were furnished to the process server with the Summons and Amended Complaint.

                    THE SEIDEN LAW FIRM
                    Attorneys for Plaintiffs
                    301 Clematis Street, Suite 201
                    West Palm Beach, Fl. 33401
                    ph.: (561)615-8225

By:_____
                    HENRY A. SEIDEN
                    Fla. Bar No.: 436763

## INTERROGATORIES TO DEFENDANT THACKREY

1. What is the name and address of the person answering these interrogatories and, if applicable, the person's special position or relationship with the party to whom the interrogatories are directed?

2. List all former names and when you were known by these names. State all addresses where you have lived for the past ten years, the dates you lived at each address, your social security number and your date of birth.

3. Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime, the date and the place of conviction.

4. Describe any and all policies of insurance which you contend cover you or may cover you for the allegations set forth in plaintiffs' complaint, detailing as to such policies: the name of the insurer, number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

5. Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the accident.

1

6. Describe in detail each act or omission on the part of any party to this lawsuit you contend constituted negligence or intentional misconduct that was a contributing legal cause to the accident in question.

7. List the names, last known residence addresses, title, employer and date(s) of involvement of all persons believed or known to you who participated in any claim supervision, approval, disapproval, over-sight, decision-making, evaluation or adjustment associated any claim by Neil Trancheses arising from motor vehicle accidents on July 4, 2005 and March 15, 2006.

8. Do you contend that any person or entity other than you is, or may be liable, in whole or in part, for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person if your contention.

9. 8. Please state the name, address and date of your employer, as well as your title and position, in the past 10 years.

2

10. List the names and addresses of all persons believed or known to you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge.

11. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

12. State the name and address of every person known to you, your agents or attorneys who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

13. Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert; the subject matter upon which the witness is expected to testify; the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

14. Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in the case? If so, state the terms of the agreement and the parties to it.

15. Please state whether you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and if so, state whether you were the plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

16. Do you have any knowledge about State Farm's Excess Assurance Protection program? If so, please state your knowledge, the dates you obtained said knowledge and the name, address, title and employer of all persons who provided you with the knowledge.

17. In the past 10 years, have you ever notified the Plaintiffs or any other State Farm policyholder member regarding the existence of State Farm's Excess Assurance Protection program? If so, please state what you told the Plaintiffs, the dates you provided the information and the names and addresses of all policyholder members to who you have provided notice.

18. Has State Farm ever provided you with Agency Memos or Agency Executive Memos concerning its Excess Assurance Protection program and/or management and discussions with clients who have a claim by or against them alleged in an amount in excess of the limits of bodily injury liability or uninsured/underinsured motorist coverage stated on the policyholder's declarations page? If so, please identify the memo by title, date and present location of the document.

19. Did you obtain from Neil Tranchese and/or Patricia Tranchese a signed Florida uninsured motor vehicle coverage selection rejection form which lists as a present vehicle a 2005 Hyundai Tucson VIN KM8JM12B75U097836 and/or a 2002 Dodge Caravan VIN 1B4GP25342B530646? If so,what is the present location of the signed form.

20. In the past 10 years, please describe all motor vehicle coverages known to you that have been broadened by State Farm under the following policy provision:

> Policy Changes
> a. Policy Terms – The terms of this policy may be changed or waived only by:
>> (1) an endorsement issued by us; or
>> (2) the revision of this policy form to give broader coverage without an extra charge. If any coverage you carry is changed to give broader coverage, we will give you the broader coverage without the issuance of a new policy as of the date we make the change effective.

21. Please describe all information you have provided to Neil Tranchese and Patricia Tranchese regarding the following policy provision.

> Membership. While this policy is in force, the first insured named I the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in according with reasonable classifications and groupings of policyholders established by such Board.

22. Please state the classifications and groupings to which Neil Tranchese and Patrica Tranchese have belonged as State Farm policyholders since they have been your clients.

23. What distributions, if any, have Neil Tranchese and Patrica Tranchese received from State Farm as State Farm policyholders since they have been your clients?

24. What distributions, if any, have State Farm policyholders received from State Farm that Neil Tranchese and Patricia Tranchese have not received since they have been your clients?

25. In the past 10 years, has any client of yours received or been denied Excess Assurance Protection eligibility and/or benefits paid to them or paid to claimants on their behalf? If so, please state the name and address of each client, the claim number, the date

of benefit or eligibility and the circumstances causing request for Excess Assurance eligibility or benefits.

26. In the past 10 years, has any client of yours been notified by you or State Farm that the client faced exposure from a motor vehicle liability claim that exceeded the limits stated on the declarations page of their State Farm policy? If so, please state the name and address of each client, the claim number, and the outcome of the claim.

Name: _____

STATE OF          )

COUNTY OF          )

_____, having been sworn under oath and personally known    to    me    or    having    produced    the    following    identification _____, says that the foregoing Answers to Interrogatories have been reviewed and are true and correct.

SWORN TO and subscribed before me this _____ day of

_____, 2008.

NOTARY PUBLIC, STATE OF FLORIDA, AT LARGE

My Commission Expires:

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

NEIL TRANCHESE and
PATRICIA TRANCHESE,

CASE NO.:
50 2008 CA 002226 XXXX MB AI

    Plaintiffs,

Fla. Bar No.: 436763

vs.

PATRICK DEBLASIO, KEN CHARLES
HIRSCHENSOHN, SCOTT JAMES
WALKER, JANE THACKREY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
        Defendant(s).

_____/

## NOTICE TO SERVING INITIAL INTERROGATORIES TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

To: State Farm Mutual Automobile Insurance Company

COMES NOW the Plaintiffs, Neil Tranchese and Patricia Tranchese, by ad through undersigned counsel, pursuant to Fla. R. Civ. P. 1.340, hereby give notice of service of the attached Initial Defendants State Farm Mutual Automobile Insurance Company, numbered 1 through 30, to be answered within forty (45) days in accordance with said rule.

I HEREBY CERTIFY that a true and correct copy of the foregoing and two sets of interrogatories were furnished to the process server with the Summons and Amended Complaint.

THE SEIDEN LAW FIRM
Attorneys for Plaintiffs
301 Clematis Street, Suite 201
West Palm Beach, Fl. 33401
ph.: (561)615-8225

By:_____
      HENRY A. SEIDEN
      Fla. Bar No.: 436763

## INTERROGATORIES TO DEFENDANT STATE FARM

NOTE -- These interrogatories seek last known residence addresses of individuals for the sole purpose of the Plaintiffs being able to subpoena and independently secure their attendance as witnesses. Answers without said addresses are evasive non-answers.

### DEFINITIONS

"You" or "State Farm" means State Farm Mutual Automobile Insurance Company

1. What is the name and residence address of the person answering these interrogatories and, if applicable, the person's special position or relationship with the party to whom the interrogatories are directed?

2. Describe in detail each act or omission on the part of any party to this lawsuit you contend was a contributing legal cause to any damage claimed in the complaint.

3. Do you contend that any person or entity other than you is, or may be liable, in whole or in part, for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person if your contention.

4. List the names and last known residence addresses. of all persons believed or known to you, your agents or attorneys to have any knowledge concerning any of the issues raised

by the pleadings, including the factual basis for any motion to dismiss or denial of any allegation contained in the Amended and specify the subject matter about which the witness has knowledge.

5. In the past 10 years, has State Farm disclosed to any policyholder member the existence, application or use of its Excess Assurance Protection program? If so, please state the following as to each document of disclosure to policyholder members regarding Excess Assurance Protection: Title, date and form number of each document, the names, addresses, titles and employers of all such persons who authored, created and/or approved the contents of each such document; the names, addresses, titles and employers of all custodians of each such document and the names and addresses of all recipients of each such document.

6. List the names, last known residence addresses, title, employer and date(s) of involvement of all persons believed or known to you who participated in any claim supervision, approval, disapproval, consideration, over-sight, decision-making, evaluation or adjustment associated with claims by Neil Tranchese for payment of benefits arising from uninsured/underinsured motorist coverage under State Farm policy numbers 8060-375-B-1059P and 8872-859-D12-59G for motor vehicle accidents on July 4, 2005 and March 15, 2006 and the date(s) of each such person's participation.

7. Was State Farm notified of Neil Tranchese and Patricia Tranchese's claims for first party personal injury protection, medical payments and uninsured/underinsured motorist benefits arising from motor vehicle accidents on July 4, 2005 and March 15, 2006? If so, please state as to each such notice: the type of notice (letter, phone, fax, email); the name of the notice sender; the date appearing on the notice; the names, addresses, titles and employers of each such person known to you who received or obtained knowledge of the notice and the date each such person received or obtained knowledge of the notice.

8. Was State Farm notified of Neil Tranchese and Patricia Tranchese's request for disclosure of insurance information under Section 627.4137, Florida Statutes, , for motor vehicle accidents occurring on July 4, 2005 and March 15, 2006? If so, please state as to each such request: the type of request (letter, phone, fax, email), the name of the request sender; the date appearing on the request; the names, addresses, titles and employers of each such person known to you who received or obtained knowledge of the request; and the date each such person received or obtained knowledge of the request.

9. Did State Farm and/or any of its agents, servants and employees, provide any written response to Neil Tranchese and Patricia Tranchese's request for disclosure of insurance information under Section 627.4137, Florida Statutes, for motor vehicle accidents occurring on July 4, 2005 and March 15, 2006? If so, please state as to each such response: the type of response (letter, phone, fax, email), the name of the response sender; the date appearing on any response; the names, addresses, titles and employers of each such person known to whom the response was sent.

10. Did State Farm respond in writing to Neil Tranchese and Patricia Tranchese's request for disclosure of insurance information under Section 627.4137, Florida Statutes, , for motor vehicle accidents occurring on July 4, 2005 and March 15, 2006 within 30 days of receipt of the request? If not, please state for either or both accidents the number of that transpired between the time any insurance disclosure request was received and the response to the request for each accident was accomplished.

11. If more than 30 days transpired for written response after State Farm's receipt of Neil Tranchese and Patricia Tranchese's request for disclosure of insurance information under Section 627.4137, Florida Statutes, for motor vehicle accidents occurring on July 4, 2005 and March 15, 2006, please state any and all facts known to you setting forth all reasons that a State Farm's response was not made within 30 days and the name, address, title and employer of each person known to you with knowledge of said facts and reasons.

12. Prior to providing written insurance information disclosure regarding its uninsured/underinsured motorist coverage for Neil Tranchese for the March 15, 2006 accident, did State Farm notify Henry Seiden PA that Neil Tranchese's had a duty under the uninsured motorist provision of Mr. Tranchese's State Farm policy to sign and return claim information and a medical authorization within 15 day? If so, please state the name, address, title and employer of the person(s) providing said notification and quote all portions of the policy establishing said duty.

13. Did State Farm mail to Neil Tranchese or any of his representatives an Authorization for Release of Medical Information as part of a December 21, 2007 letter from Nicole DiResta regarding Neil Tranchese's March 15, 2006 accident that contained the following statement: **"This authorization also permits my medical providers to discuss in person, by telephone, electronically, or by mail, medical options, conclusions, treatment plans and other information;"** If so, please state the date that the document containing said phrase was mailed; the name, address, title and employer of each sender and each recipient of said document; and the specific quotation from any State Farm policy issued to Neil Tranchese setting forth Neil Tranchese's duty under his State Farm policy to sign a document containing said statement:

14. Please cite and quote each and every federal or state statute, rule and/or other authority in effect on December 21, 2007 upon which State Farm relied that enabled it to represent in an authorization the following: **"This authorization also permits my medical providers to discuss in person, by telephone, electronically, or by mail, medical options, conclusions, treatment plans and other information"** (with State Farm).

15. Did State Farm mail to Neil Tranchese or any of his representatives an Authorization for Release of Medical Information as part of a December 21, 2007 letter from Nicole DiResta regarding Neil Tranchese's March 15, 2006 accident that contained the following statement: **"I understand that I may refuse to authorize disclosure of all or some of the requested information, but that refusal may potentially cause a delay in processing, or result in the denial of, insurance benefits for the pending injury claims(s)."** If so, please state the date that the document containing said phrase was mailed; the name, address, title and employer of each sender and each recipient of said document; and the specific quotation from any State Farm policy issued to Neil Tranchese setting forth Neil Tranchese's duty under his State Farm policy to sign a document containing said statement:

16. Did State Farm mail to Neil Tranchese or any of his representatives an Authorization for Release of Medical Information as part of a December 21, 2007 letter from Nicole DiResta regarding Neil Tranchese's March 15, 2006 accident that contained the following statement: **"State Farm Mutual Automobile Insurance Company, its subsidiaries and affiliates, its claim associates, and legal representatives (herein referred to collectively as "State Farm")"**? If so, please state the date that the document containing said phrase was mailed; the name, address, title and employer of each sender and each recipient of said document; and the name and address of each subsidiary and/or affiliate and the name and address of each registered agent for each subsidiary and/or affiliate.

17. Did State Farm mail anAuthorization containing the statements in interrogatories 13, 14, 15 and 16 only to Neil Tranchese's representative or is the aforesaid Authorization a generic form mailed to as a general business practice to other State Farm policyholders and/or policyholder representatives?

18. What are the date(s), including any date to present, that State Farm has mailed the Authorization form to State Farm policyholder or their representatives containing the statements in interrogatories 13, 14, 15 and 16.

19. Please state the names, addresses, titles and employers of any and all persons who approved and/or authorized use of the Authorization forms containing the statements in interrogatories 13, 14, 15 and 16 and the date of each such approval and/or authorization.

20. Did State Farm furnish any declarations pages in response to any request for insurance disclosure information under Section 627.4137 made by Neil Tranchese and/or his representatives for motor vehicle accidents on July 4, 2005 and March 15, 2006? If so, please state the date each declarations page was furnished, the accident to which each declarations page furnished applied, the date(s) of coverage actually stated on each declarations page (on the declarations page itself and not stated on a certificate by a records custodian) and the name, address, title and employer of each person furnishing the declarations page.

21. Did State Farm furnish to any State Farm employee, Neil Tranchese and/or any representative of Neil Tranchese any declarations pages in response to any request for insurance disclosure information under Section 627.4137 made by Neil Tranchese and/or his representatives for motor vehicle accidents on July 4, 2005 and March 15, 2006? If so, please state the date each declarations page was furnished, the accident pertinent to each declarations page furnished;, the date(s) of coverage actually stated on each declarations page (on the declaration page itself and not stated on a certificate by a records custodian accompanying the declarations page); the name, address, title and employer of each person furnishing the declarations page and the name, address, title and employer of each person to whom the declarations page was furnished.

22. In the past 10 years, has State Farm created any Agency Memos and/or Agency Executive Memos which were furnished to any agent who sells State Farm motor vehicle insurance in Florida, including but not limited to Jane Thackrey, regarding or pertaining to Excess Assurance Protection? If so, please state the following as to each document so that it can be identified: Title and date of each document and the names, addresses, titles and employers of all such persons who authored, created and/or approved the contents of each such document and the names, addresses, titles and employers of all custodians of each such document.

23. In the past 10 years, has State Farm had in its possession, custody and/or control any Claim Committee Reports and/or General Executive Memos created by State Farm regarding or pertaining to Excess Assurance Protection and/or payment of Excess Assurance Protection? If so, please state the following as to each document so that it can be identified: Title and date of each document, the names, addresses, titles and employers of all such persons who authored, created and/or approved the contents of each such document and the names, addresses, titles and employers of all custodians of each such document.

24. In the past 10 years, has State Farm used any form letters to disclose the existence or payment of Excess Insurance and/or Excess Assurance Protection benefits to claimants or their representatives? If so, please state the following as to each document: Title, date and form number of each document, the names, addresses, titles and employers of all such persons who authored, created and/or approved the contents of each such document and the names, addresses, titles and employers of all custodians of each such document.

25. Does State Farm have in its possession any Florida uninsured motor vehicle coverage form signed by Neil Tranchese and/or Patricia Tranchese which lists as a present vehicle a 2005 Hyundai Tucson VIN KM8JM12B75U097836 and/or a 2002 Dodge Caravan VIN 1B4GP25342B530646? If so, please state the date of each document, the name, address, title and employer of each person furnishing the form to Neil Tranchese or his representative, the name, address, title and employer of each person to whom the form was furnished and the date(s) when each such form was furnished.

26. Please state the names, addresses, title and employers of any and all persons who participated in and/or approved any evaluation conducted by State Farm which led to the determinations stated in two letters dated February 8, 2008 authored by Mary Tamberino that Neil Tranchese's claim for the July 4, 2005 accident and his claim for the March 15, 2006 accident were each "valued within the tort-feasor's bodily injury limits of $100,000.

27. Did State Farm receive any additional information or documents between February 8, 2008 and May 5, 2008, not in its possession of February 8, 2008, that caused or resulted in State Farm's issuance of a $25,000 check for the July 4, 2005 accident and a $25,000 check for the March 15, 2006 accident to Neil Tranchese and his attorney? If so, please specify all information and documents obtained; all dates between February 8, 2008 and May 5, 2008 the information/documents were obtained; the names, addresses, titles and employers of all senders, recipients and evaluators of the information or documents obtained and the names, addresses, titles and employers of all persons who participated in decision or approval regarding payment of either or both of the $25,000 checks.

28. In the past 10 years, has State Farm had in existence any Articles of Incorporation, Bylaws, amendments, resolutions or corporate approvals established and/or authorizing an Excess Assurance Protection program? If so, please state the following as to each document: Title, date and form number of each document, the names, addresses, titles

and employers of all such persons who authored, created and/or approved the contents of each such document and the names, addresses, titles and employers of all custodians of each such document.

29. Are Excess Assurance Protection payments by State Farm to or on behalf of policyholder members listed or specified on accounting records of State Farm? If so, for all such payments made in the past seven (7) years, please state the designation of each entry category pertaining to each such payment; the title, name and date of each such document which listed each such entry; and the names, addresses, titles and employers of any and all persons responsible for and/or who caused the entry to appear on each such document.

30. Are there any State Farm Articles of Incorporation and Bylaws, and amendments and resolutions thereto, in existence regarding a member exercising a member's right to vote at State Farm annual meetings? If so, please state as to each If so, please state the following as to each document: Title, date and form number of each document, the names, addresses, titles and employers of all such persons who authored, created and/or approved the contents of each such document and the names, addresses, titles and employers of all custodians of each such document.

Name: _____

STATE OF          )

COUNTY OF       )

_____, having been sworn under oath and personally known to me or having produced the following identification _____, says that the foregoing Answers to Interrogatories have been reviewed and are true and correct.

        SWORN TO and subscribed before me this _____ day of _____, 20__

                                    NOTARY PUBLIC, STATE OF
                                    _____

                                    My Commission Expires:

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

NEIL TRANCHESE and
PATRICIA TRANCHESE,

CASE NO.:
50 2008 CA 002226 XXXX MB AI

    Plaintiffs,

Fla. Bar No.: 436763

vs.

PATRICK DEBLASIO, KEN CHARLES
HIRSCHENSOHN, SCOTT JAMES
WALKER, JANE THACKREY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
        Defendant(s).

_____ /

## NOTICE TO SERVING INITIAL INTERROGATORIES TO DEFENDANT ~~SCOTT JAMES WALKER~~

To: Scott James Walker

    COMES NOW the Plaintiffs, Neil Tranchese and Patricia Tranchese, by ad through undersigned counsel, pursuant to Fla. R. Civ. P. 1.340, hereby give notice of service of the attached Initial Defendant, Scott James Walker numbered 1 through 25, to be answered within forty (45) days in accordance with said rule.

    I HEREBY CERTIFY that a true and correct copy of the foregoing and two sets of interrogatories were furnished to the process server with the Summons and Amended Complaint.

THE SEIDEN LAW FIRM
Attorneys for Plaintiffs
301 Clematis Street, Suite 201
West Palm Beach, Fl. 33401
ph.: (561) 833-8988

By:_____
      HENRY A. SEIDEN
      Fla. Bar No.: 436763

## INTERROGATORIES TO DEFENDANT WALKER

**NOTE – These interrogatories seek last known residence addresses of individuals for the sole purpose of the Plaintiff being able to subpoena and independently secure their attendance as witnesses. For each such person, the phrase "see attached affidavit" may be substituted for the address.**

### DEFINITIONS

**"State Farm" means State Farm Mutual Automobile Insurance Company**

1. What is the name and residence address of the person answering these interrogatories and, if applicable, the person's special position or relationship with the party to whom the interrogatories are directed?

2. Describe in detail each act or omission on the part of any party to this lawsuit you contend was a contributing legal cause to any damage claimed in the complaint.

3. Do you contend that any person or entity other than you is, or may be liable, in whole or in part, for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person if your contention.

4. List the names and last known residence addresses. of all persons believed or known to you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings, including the factual basis for your denial of any allegation contained in

the Amended Complaint and any affirmative defense you have alleged, and specify the subject matter about which the witness has knowledge,.

5. List the names, last known residence addresses, title, employer and date(s) of involvement of all persons believed or known to you who participated in any claim supervision, approval, disapproval, over-sight, decision-making, evaluation or adjustment associated any claim by Neil Tranchese arising from motor vehicle accidents on July 4, 2005 and March 15, 2006.

6. Has any fact become known to you that has altered any information provided in your response to Neil Tranchese's insurance information disclosure request made by his attorney under Section 627.4137, Florida Statutes? If so, specify each and every fact that has become known to you, the names, last known residence address, title and employer of all persons known to you who acquired knowledge of said facts (exclusive of any attorney representing you as a client), has knowledge that said policy does not provide coverage and the date each such person acquired knowledge that said policy does not provide coverage.

7. Have you amended your response to insurance information disclosure request made by Plaintiff's attorney under Section 627.4137, Florida Statutes? If so, specify the number of amendments, each and every fact amended, the date each amendment was made, the names, last known residence address, title and employer of all persons making the amendment, the manner in which the amendment was communicated and the name and address of the recipient of each amendment.

8. Did you willfully and intentionally represent to Plaintiff's attorney as part of your response to Plaintiff's insurance disclosure, under penalties of perjury, that: "An

amendment-to-this statement will be provided should facts become known that would alter this information."

9. Did you willfully and intentionally make the representations in your response to insurance disclosures request from Plaintiff's attorney, including but not limited to the phrase "under penalties or perjury," for the purpose of Plaintiff and his attorney relying upon your representations?

10. Has State Farm ever notified or trained you regarding its Excess Assurance Program? If so, please specify what State Farm notified you about the program, the date of each notification, identify all materials provided or reviewed by you pertaining to said program, the names, addresses, title and employers of all persons providing said notification and training and the names, addresses, title and employers of all State Farm co-employees whom you know have also been notified or trained about the program.

11. Have you ever been involved in a first-party claim for uninsured/underinsured motorist benefits in which the policyholder member received payment of money in excess of the coverage limits listed on the policyholder's declarations page? If so, please state the claim number and name of the policyholder receiving said excess payment.

12. Have you submitted a request for or served on the Claim Committee in the past 10 years regarding any claim in which there was a request for, eligibility granted and/or payment under State Farm's Excess Assurance program? If each instances, please state the claim number, named insured and claimant's name.

13. Did your response to the insurance disclosure request by Neil Tranchese's attorney include furnishing a declarations page, other than the letter that you signed disclosing coverage limits?

14. Did you know that a declarations page, other than the letter that you signed disclosing coverage limits, was not included with the policy that accompanied your disclosure? If so, describe all actions taken by you to furnish the declarations page upon learning about the absence of the declarations page.

15. In preparing your response to the insurance disclosure request by Plaintiff's attorney, did you make a request to anyone to furnish you with information with which to formulate the response, including requesting that someone provide you to a copy of the policy? If so, please state the names, last known residence address, title and employer of all persons to whom you made the request and who responded to your request, the date of each request and response, the date of each request and response and the substance of each request and response

16. In preparing your response to the insurance disclosure request by Plaintiff's attorney, did you make a request to anyone to furnish you with a declarations page to include with your response? If so, please state the names, last known residence address, title and employer of all persons to whom you made the request and who responded to your request, the date of each request and response, the date of each request and response and the substance of each request and response

17. Does State Farm, as a general business practice, provide you with declarations pages to forward to claimants along with your in responses to insurance disclosure requests received pursuant o Section 627.4137, Florida Statutes? If so, please state all facts and circumstances that distinguished why such other claimants were provided with declarations pages and Plaintiff/Plaintiff's attorney were not provided with a declarations page.

18. Once you have obtained knowledge of State Farm's approval for a policyholder member to be eligible or protected under State Farm's Excess Assurance Program, under what circumstances do you disclose the excess protection to the claimant? For each such reason given, please identify the source upon which you are relying that provides your knowledge for the circumstance given.

19. Under circumstances in which State Farm's Excess Assurance Program provides protection to any State Farm policyholder members for any compensatory award by a claimant, please state each and every reason known to you why the policyholder's uninsured/underinsured motorist coverage, if existent, does not also increase to equal the excess protection.

20. To the best of your knowledge and belief, is a payment to a third party claimant made under State Farm's Excess Assurance Program on behalf of a State Farm policyholder member a payment under the member's policy, a distribution to the member which State Farm pays to the claimant on the member's behalf or a payment under another category? If your answer is payment under another category, please specify the category and identify any State Farm source upon which you rely or from which you obtained your knowledge.

21. In the past 10 years, have you been a trainer or attended any training sessions regarding State Farm's Excess Assurance Protection program? If so, please state the date and location at each session at which you have been a trainer or trainees and all persons whom you trained and/or attended the training sessions with you.

22. In the past 10 years, have you ever written a letter to a State Farm policyholder granting or denying Excess Assurance Protection to the policyholder? If so, please state the name and address of the policyholder, the claim number and the name and address of the claimant's representative.

23. In the past 10 years, have you requested Excess Assurance Protection for a State Farm policyholder? If so, please state the name and address of the policyholder, the claim number and the name and address of the claimant's representative.

24. Have you ever been the Team Manager of any uninsured/underinsured motorist claim in which State Farm an amount to the policyholder claimant in excess that the coverage limits stated on the policyholder's declarations page? ? If so, please state the name and address of the policyholder, the claim number and the name and address of the claimant's representative.

25. In the last 10 years, has State Farm broadened the coverage of any coverage provided by State Farm under its policy? If so, please state the type of coverage broadened, how the coverage was broadened, the date the when such broadened occurred and what notice was given to all policyholders regarding the broadened coverage.

Name: _____

STATE OF            )

COUNTY OF          )

, having been sworn under oath and personally
known    to    me    or    having    produced    the    following    identification
, says that the foregoing Answers to Interrogatories
have been reviewed and are true and correct.

SWORN TO and subscribed before me this         day of

, 20

_____
NOTARY PUBLIC, STATE OF

My Commission Expires:

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

NEIL TRANCHESE and
PATRICIA TRANCHESE,

CASE NO.:
50 2008 CA 002226 XXXX MB AI

    Plaintiffs,

Fla. Bar No.: 436763

vs.

PATRICK DEBLASIO, KEN CHARLES
HIRSCHENSOHN, SCOTT JAMES
WALKER, JANE THACKREY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
        Defendant(s).

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiffs, Neil Tranchese and Patricia Tranchese, pursuant to Fla. R. Civ. P. 1.350, request(s) that Defendant, State Farm Mutual Automobile Insurance Company (hereinafter also referred to as "State Farm"), translate or prepare in reasonably usable form those documents and items enumerated below in your possession, custody or control and produce true, correct and complete copies of same at the office of undersigned counsel within forty-five (45) days from service of this request with the Summons and Second Amended Complaint by the process server in accordance with said rule.

**"Document(s)"** as used in this request is defined as: electronic documents, computer files and/or written documents, including but not limited to logs, emails, correspondence, notes, memos, entries in electronic form on databases, telephone messages and faxes.

Plaintiff agrees to pay a reasonable copying charge upon notice of same from Defendants but notice for payment shall be given sufficiently in advance so that the

documents are copied and produced at the office of undersigned counsel within forty-five (45) days from service of this request with the Summons and Amended Complaint by the process server in accordance with said rule.

An objection based upon work product or attorney client privilege shall be accompanied by an itemized work product or privilege log. The failure to concurrently serve a work product or privilege log shall be deemed an admission that the matter shall be deemed a waiver of any work product or privilege objection.

The time period for documents sought per each request is from January 1, 2001 to the present date the document(s) is produced, unless otherwise indicated.

1. Any and all photographs, videotape, DVD or film depicting any vehicle occupied by Plaintiff during the July 4, 2005 or March 15, 2006 incidents sued upon, any vehicle occupied by any Defendant or any vehicle occupied by any person listed on the police accident report during the incident sued upon and the scene of either the July 4, 2005 or March 15, 2006 incidents sued upon.

NOTE: (if photographic reprints are unavailable, all photos should be color laser copied or copied to CD and billed to Plaintiffs. Further, all film or videotape should be transferred to DVD and billed to Plaintiffs).

2. Any and all diagrams or other written material describing or attempting to describe the incident described in the Complaint, including any police accident reports.

3. Any and all complete policies of insurance, including excess or umbrella insurance, declarations pages showing the effective dates of coverage and Florida Uninsured Motor Vehicle Coverage Selection/Rejection Forms for said insurance policies which were in effect form Plaintiffs at the time of the July 4, 2005 and March 15, 2006 incidents described in the Amended Complaint.

4. Any and all coverage denials, reservations of rights and/or waivers of coverage defenses received from any insurer regarding the incident sued upon.

5. Any statements, recorded, written or transcribed, made by the Plaintiffs.

6. Any statements, recorded, written or transcribed, made by any person who witnessed or has knowledge of the incidents described in the Amended Complaint.

7. Any and all lawsuits, correspondence, forms and/or other written documents of claim, including releases, made or received by any Defendant and/or their insurer for any claim or payment for property damage and/or bodily injury for the July 4, 2005 or March 15, 2006 incidents sued upon made by any claimant, including the Plaintiffs.

8. Any and all estimates or bills for repair, total loss statements and documents regarding determination and/or arbitration of responsibility regarding any vehicle sustaining property damage during the July 4, 2005 or March 15, 2006 incident sued upon.

9. Any and all photographs, videotape, DVD or film in the possession of you, your agents or attorneys depicting the Plaintiffs

10. Any and all documents, materials and records obtained by State Farm regarding claims by Plaintiffs for motor vehicle accidents of July 4, 2005 and March 15, 2006.

11. Any and all requests to or from any third party or entity used to obtain and/or furnish records regarding the medical or physical condition of Neil Tranchese.

12. Any and all documents relied upon between February 8, 2008 and May 5, 2008 to issue two $25,000 payments to Neil Tranchese and his attorney on May 5, 2008 that were not in State Farm's possession, custody or control prior to February 8, 2008. In the event that this request duplicates documents produced in response to another request, the Defendant responding to this request shall identify which specific documents are being produced pursuant to this request.

13. Any and all training documents and materials used or provided by State Farm from January 1, 2001 to present in Florida to educate, train, notify and inform Team Managers regarding:

      a. State Farm's Excess Assurance Protection program.

      b. Disclosure of insurance information requested by first party claimants.

      c. Management of insured/client regarding potential liability for excess judgment or award.

14. Any and all Agency Memos and Agency Executive Memos provided or furnished to agents who sold or sell State Farm motor vehicle insurance in Florida from January 1, 2001 to present, including but not limited to Jane Thackrey regarding or pertaining to:

      a. State Farm's Excess Assurance Protection Program.

      b. Money distributions of State Farm earnings to policyholder members.

      c. Management of insured/client regarding potential liability for excess judgment or award.

      d. The following policy provision:

> Policy Changes
> a. Policy Terms – The terms of this policy may be changed or waived only by:
>     (1) an endorsement issued by us; or
>     (2) the revision of this policy form to give broader coverage without an extra charge. If any coverage you carry is changed to give broader coverage, we will give you the broader coverage without the issuance of a new policy as of the date we make the change effective.

      e. The following policy provision:

> Membership. While this policy is in force, the first insured named I the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may

declare in according with reasonable classifications and groupings of policyholders established by such Board.

15. Any and all documents contained within State Farm's underwriting file or any file of Jane Thackrey regarding insurance sought, purchased by or provided to Plaintiffs.

16. Any and all State Farm Claim Committee Reports which approved a Florida policyholder member's eligibility for Excess Assurance Protection from January 1, 2001 to present.

17. Any and all General Executive Memos created or disseminated by State Farm from January 1, 2001 to present regarding or pertaining to:

    a. State Farm's Excess Assurance Protection Program.

    b. Disclosure of State Farm's Excess Assurance Protection program to present or prosective policyholder members.

    c. Money distributions of State Farm earnings to policyholder members.

    d. The following policy provision:

> Policy Changes
> b.  Policy Terms – The terms of this policy may be changed or waived only by:
>> (1) an endorsement issued by us; or
>> (2) the revision of this policy form to give broader coverage without an extra charge. If any coverage **you** carry is changed to give broader coverage, we will give **you** the broader coverage without the issuance of a new policy as of the date we make the change effective.

    d. The following policy provision:

> Membership. While this policy is in force, the first insured named in the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

18. Any and all State Farm Articles of Incorporation, Bylaws, amendments, resolutions, General Executive Memos and other written procedures which pertain to or provide for:

    a. The first insured named in the declarations being entitled to vote at all meetings of members;

    b. The first insured named in the declarations being entitled to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

    c. Classification and groupings of policyholders established by the Board of Directors to be eligible for and/or recipients of Excess Assurance Protection benefits.

    d. Disclosure of Excess Assurance Protection benefit availability, payment or eligibility to all policyholder members

    e. A policyholder member's entitlement to inspect State Farm corporate records and books.

    f. Eligibility or payment under Excess Assurance Protection without charge to the policyholder member benefiting from eligibility or payment.

19. State Farm accounting documents which show, list, depict, include or describe as an expense from January 1, 2001 to present the following:

    a. Payment of any amount of money to or on behalf of any State Farm policyholder member(s), including but not limited to Kim Dieli, Ludvico Dieli, Annie Yahinian, Britt Head and/or Neil Tranchese.

b. Payment of any amount to of money to or on behalf of any and all State Farm policyholder member residing in Florida under State Farm's Excess Assurance Program.

c. Payment of $2.7 million to Valda Bell, in whole or in part, under State Farm's Excess Assurance Protection program.

d. Payment of $2.7 million to Valda Bell, in whole of in part, under the $50,000 bodily injury liability insurance coverage disclosed by State Farm regarding Kim Dieli and Ludvico Dieli.

e. Payment to or on behalf of any State Farm policyholder residing in Florida under State Farm's Excess Assurance Protection program.

f. Funds transferred to or from any fund or bank account which provide payment or reimbursement, in whole or in part, for any payment pursuant to State Farm's Excess Assurance Protection program made to on or behalf of a State Farm policyholder member.

20. Notice given by State Farm from January 1, 2001 to present to any State Farm policyholder member in Florida from January 1, 2001 to present:

a. Broadening any coverage without charge and without the issuance of a new policy.

b. Distributing earnings or entitlement to distribution of earnings.

c. Approval of Excess Assurance Protection eligibility.

d. Denial of Excess Assurance Protection eligibility.

21. Any tax reporting document submitted to the Internal Revenue Service or U.S. Department of the Treasury from January 1, 2001 to present by State Farm making and/or reporting payment of income tax by State Farm arising from any payment made by State Farm to or on behalf of any State Farm policyholder member under State Farm's Excess

Assurance Protection program. The social security number of any person may be redacted to protect privacy.

21. Any Form 1099 or other tax reporting document submitted to the Internal Revenue Service or U.S. Department of the Treasury from January 1, 2001 to present by by State Farm reporting any money paid by State Farm to or on behalf of any State Farm policyholder member under State Farm's Excess Assurance Protection program. The social security number of any person may be redacted to protect privacy.

22. Any and all State Farm forms in use or available for use from January 1, 2006 to present notifying or disclosing to a first party claimant or third party claimant, or their representatives, the existence of, or payment being made under, Excess Assurance Protection, Excess Insurance or any amount in excess of any bodily injury liability or uninsured/underinsured coverage limit stated on a State Farm policyholder's declarations page.

23. Any and all State Farm forms in use or available for use from January 1, 2006 to present seeking release or discharge of liability from a policyholder member in association with State Farm's payment of benefits under uninsured/underinsured motorist coverage.

24. Any and all State Farm forms in use or available for use from January 1, 2006 to present seeking release or discharge of liability from a third party claimant in association with State Farm's payment of benefits under its Excess Assurance Protection program.

25. Any and all State Farm forms in use or available for use from January 1, 2006 to present seeking indemnification, hold harmless and defense from a first party claimant

in association with State Farm's payment of benefits under uninsured/underinsured motorist coverage.

26. Any and all State Farm forms in use or available for use from January 1, 2006 to present seeking indemnification, hold harmless and defense from a third party claimant in association with State Farm's payment of benefits under its Excess Assurance Protection program.

27. Any and all intra-State Farm requests for insurance information to obtain information so that any State Farm Claim or Underwriting Team Manager can respond to insurance disclosure requests by Plaintiffs for accidents of July 4, 2005 and March 15, 2006.

28. Any and all declarations pages for State Farm bodily injury liability and/or uninsured/underinsured motorist coverage for Plaintiffs which show or depict on the declarations page an effective date of coverage that includes July 4, 2005 and/or March 15, 2006.

29. Any and all State Farm forms in use or available for use from January 1, 2006 to present to disclose Excess Assurance Protection to a claimant in response to a specific request by a claimant to disclose availability of Excess Assurance Protection benefits or protection in excess of bodily injury liability or uninsured/underinsured motorist coverage limits stated on a policyholder member's declarations page.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the process server with the Summons and Complaint.

THE SEIDEN LAW FIRM
Attorneys for Plaintiffs
301 Clematis Street, Suite 201

West Palm Beach, Fl. 33401
ph.: (561)615-8225

By:_____
      HENRY A. SEIDEN
      Fla. Bar No.: 436763

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

NEIL TRANCHESE and
PATRICIA TRANCHESE,

CASE NO.:
50-2008-CA-002226 XXXX MB AI

    Plaintiffs,

Fla. Bar No.: 436763

vs.

PATRICK DEBLASIO, KEN CHARLES
HERSCHENSOHN, SCOTT JAMES
WALKER, JANE THACKREY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
        Defendant(s).

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT JANE THACKREY

Plaintiffs, Neil Tranchese and Patricia Tranchese, pursuant to Fla. R. Civ. P. 1.350, request(s) that Defendant Jane Thackrey translate or prepare in reasonably usable form those documents and items enumerated below in your possession, custody or control and produce true, correct and complete copies of same at the office of undersigned counsel within forty-five (45) days from service of this request with the Summons and Second Amended Complaint by the process server in accordance with said rule.

"**Document(s)**" as used in this request is defined as: electronic documents, computer files and/or written documents, including but not limited to logs, emails, correspondence, notes, memos, entries in electronic form on databases, telephone messages and faxes.

Plaintiff agrees to pay a reasonable copying charge upon notice of same from Defendants but notice for payment shall be given sufficiently in advance so that the documents are copied and produced at the office of undersigned counsel within forty-five

(45) days from service of this request with the Summons and Amended Complaint by the process server in accordance with said rule.

An objection based upon work product or attorney client privilege shall be accompanied by an itemized work product or privilege log. The failure to concurrently serve a work product or privilege log shall be deemed an admission that the matter shall be deemed a waiver of any work product or privilege objection.

The time period for documents sought per each request is from January 1, 2001 to the present date the document(s) is produced, unless otherwise indicated.

1. All documents in your possession, custody and control regarding Plaintiffs.

2. Any and all training documents and materials used or provided by State Farm from January 1, 2001 to present in Florida to educate, train, notify and inform you regarding:

      a. State Farm's Excess Assurance Protection program.

      b. Disclosure of insurance information requested by first party claimants.

      c. Management of insured/client regarding potential liability for excess judgment or award.

3. Any and all Agency Memos, Agency Executive Memos and General Executive Memos provided or furnished to you from January 1, 2001 to present regarding or pertaining to:

      a. State Farm's Excess Assurance Protection Program.

      b. Money distributions of State Farm earnings to policyholder members.

      c. Management of insured/client regarding potential liability for excess judgment or award.

      d. The following policy provision:

            Policy Changes

a. Policy Terms – The terms of this policy may be changed or waived only by:
    (1) an endorsement issued by us; or
    (2) the revision of this policy form to give broader coverage without an extra charge. If any coverage **you** carry is changed to give broader coverage, we will give **you** the broader coverage without the issuance of a new policy as of the date we make the change effective.

e. The following policy provision:

Membership. While this policy is in force, the first insured named I the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in according with reasonable classifications and groupings of policyholders established by such Board.

4. Any and all documents contained within State Farm's underwriting file or any file of yours regarding insurance sought, purchased by or provided to Plaintiffs.

5. Any State Farm directives in your possession regarding record or document retention and disposal.

6. Any and all General Executive Memos created or disseminated by State Farm from January 1, 2001 to present regarding or pertaining to:

a. State Farm's Excess Assurance Protection Program.

b. Disclosure of State Farm's Excess Assurance Protection program to present or prospective policyholder members.

c. Money distributions of State Farm earnings to policyholder members.

d. The following policy provision:

Policy Changes
b. Policy Terms – The terms of this policy may be changed or waived only by:
    (1) an endorsement issued by us; or
    (2) the revision of this policy form to give broader coverage without an extra charge. If any coverage **you** carry is changed to give broader coverage, we will give **you** the broader coverage without the issuance of a new policy as of the date we make the change

effective.

d. The following policy provision:

> Membership. While this policy is in force, the first insured named in the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

7. any and all current licenses issued by the State of Florida permitting you to sell insurance in the State of Florida.

8. Any documents in your possession, custody or control regarding or pertaining to any benefits, or claim for benefits made by Plaintiffs, for accidents on July 4, 2005 and March 15, 2006.

9. Any agreements from January 1, 2001 to present you have with State Farm regarding the sale of insurance for State Farm.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the process server with the Summons and Complaint.

THE SEIDEN LAW FIRM
Attorneys for Plaintiffs
301 Clematis Street, Suite 201
West Palm Beach, Fl. 33401
ph.: (561)615-8225

By:_____
        HENRY A. SEIDEN
        Fla. Bar No.: 436763

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

NEIL TRANCHESE and
PATRICIA TRANCHESE,

CASE NO.:
50 2008 CA 002226 XXXX MB AI

    Plaintiffs,

Fla. Bar No.: 436763

vs.

PATRICK DEBLASIO, KEN CHARLES
HIRSCHENSOHN, SCOTT JAMES
WALKER, JANE THACKREY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
    Defendant(s).

_____/

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, KEN CHARLES HIRSCHENSOHN, SCOTT JAMES WALKER AND JANE THACKREY

Plaintiffs. Neil Tranchese and Patricia Tranchese, pursuant to the applicable Florida Rule of Civil Procedure, request(s) that Defendants, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), Ken Charles Hirschensohn, Scott James Walker and Jane Thackrey each admit or deny the truth of  following within 45 days:

1. That at all times she was the Plaintiffs' insurance agent, Jane Thrackney, was an employee of State Farm. ated by Patrick DiBlasio backed into the motor vehicle occupied by Neil Tranchese on March 15, 2006.

2. On January 2, 2008, State Farm declared under oath that its March 23, 2007 Excess Assurance Letter is not an insurance policy nor does it constitute a change, revision, amendment, endorsement or waiver of any insurance policy or policy provision.

3. On March 18, 2008, State Farm declared under oath that State Farm accounted for its $2.7 million payment to Valda Bell under the same category as payment of $50,000 under the Dielis' bodily injury liability coverage.

4. On February 8, 2008, State Farm wrote to Plaintiffs' attorney and stated that State Farm evaluated Neil Tranchese's bodily injury claim arising from his July 4, 2005 accident within $100,000.

5. On February 8, 2008, State Farm wrote to Plaintiffs' attorney and stated that State Farm evaluated Neil Tranchese's bodily injury claim arising from his March 15, 20July 4, 2005 accident within $100,000.

6. On May 5, 2008, State Farm, by and through employee Greta Wallace, stated in writing that neither claim that Neil Tranchese had arising from his July 4, 2005 and March 15, 2006 accidents had a value of more than $100,000 which was the limit of the tortfeasor's bodily injury liability coverage for each accident and that Plaintiff is not entitled to UM/UIM benefits.

7. On May 5, 2008, State Farm issued a $25,000 check to Neil Tranchese stating it was payment under UM/UIM coverage coverage for his July 4, 2005 accident.

8. As of May 5, 2008, State Farm evaluated Neil Tranchese's bodily injury liability claim for his July 4, 2005 motor vehicle accident an amount in excess of $100,000.

9. As of May 5, 2008, State Farm evaluated Neil Tranchese's bodily injury liability claim for his March 15, 2006 motor vehicle accident an amount in excess of $100,000.

10. As a general business practice, State Farm does not issue checks to policyholder claimants under their underinsured motorist coverage unless they evaluate the policyholder's claims in excess of the alleged tortfeasor's bodily injury liability limits.

11. Both $25,000 checks to Neil Tranchese were issued from the same State Farm account as used by State Farm to issuds checks pursuant to its Excess Assurance Protection program.

12. State Farm accounted for its $2.7 million payment to Valda Bell under the same category as payment of the two $25,000 checks paid to Neil Tranchese on May 5, 2008.

13. State Farm accounted for its two $25,000 payments to Neil Tranchese on May 5, 2008 under the same category as payment of $50,000 under the bodily injury liability coverage of State Farm policyholder member Kim Dieli and Ludvico Dieli.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the process server with the Summons and Complaint.

THE SEIDEN LAW FIRM
Attorneys for Plaintiffs
301 Clematis Street, Suite 201
West Palm Beach, Fl. 33401
ph.: (561) 833-8988

By:_____
      HENRY A. SEIDEN
      Fla. Bar No.: 436763

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

NEIL TRANCHESE and
PATRICIA TRANCHESE,

CASE NO.:
50 2008 CA 002226 XXXX MB AI

    Plaintiffs,

Fla. Bar No.: 436763

vs.

PATRICK DEBLASIO, KEN CHARLES
HIRSCHENSOHN, SCOTT JAMES
WALKER, JANE THACKREY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,
       Defendant(s).

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS KEN CHARLES HIRSCHENSOHN AND SCOTT JAMES WALKER

Plaintiffs, Neil Tranchese and Patricia Tranchese, pursuant to Fla. R. Civ. P. 1.350, request(s) that Defendants Ken Charles Hirschensohn and Scott James Walker translate or prepare in reasonably usable form those documents and items enumerated below in your possession, custody or control and produce true, correct and complete copies of same at the office of undersigned counsel within forty-five (45) days from service of this request with the Summons and Amended Complaint by the process server in accordance with said rule.

**"Document(s)"** as used in this request is defined as: electronic documents, computer files and/or written documents, including but not limited to logs, emails, correspondence, notes, memos, entries in electronic form on databases, telephone messages and faxes.

Plaintiffs agree to pay a reasonable copying charge upon notice of same from Defendants but notice for payment shall be given sufficiently in advance so that the

documents are copied and produced at the office of undersigned counsel within forty-five (45) days from service of this request with the Summons and Amended Complaint by the process server in accordance with said rule.

An objection based upon work product or attorney client privilege shall be accompanied by an itemized work product or privilege log. The failure to concurrently serve a work product or privilege log shall be deemed an admission that the matter shall be deemed a waiver of any work product or privilege objection.

The time period for documents sought per each request is from January 1, 2001 to the present date the document(s) is produced, unless otherwise indicated.

1. Any and all declarations pages that you personally provided to Plaintiffs or their representative as part of your response as a State Farm Team Manager to Plaintiffs' insurance disclosure request to State Farm under Section 627.4137 for accidents on July 4, 2005 and March 15, 2006.

2. Any and all declarations pages that State Farm provided to you to forward to Plaintiffs or their representative to be included as part of your response as a State Farm Team Manager to Plaintiffs' insurance disclosure request under Section 627.4137 for accidents on July 4, 2005 and March 15, 2006.

3. Any and all requests for insurance information from Plaintiffs or their representative that you viewed prior to responding to said request.

4. Any and all Florida Uninsured Motor Vehicle Coverage Selection Rejection Form signed by any Plaintiff that you personally provided to Plaintiffs for 2005 Hyundai Tucson VIN KM8JM12B75U097836 and/or a 2002 Dodge Caravan VIN 1B4GP25342B530646.

5. Any and all training documents and materials used or provided by State Farm from January 1, 2001 to present in Florida to educate, train, notify and inform you regarding:

        a. State Farm's Excess Assurance Protection program.

        b. Disclosure of insurance information requested by first party claimants.

        c. Money distributions of State Farm earnings to policyholder members.

        d. The following policy provision:

> Policy Changes
> a. Policy Terms – The terms of this policy may be changed or waived only by:
>     (1) an endorsement issued by us; or
>     (2) the revision of this policy form to give broader coverage without an extra charge. If any coverage **you** carry is changed to give broader coverage, we will give **you** the broader coverage without the issuance of a new policy as of the date we make the change effective.

        e. The following policy provision:

> Membership. While this policy is in force, the first insured named I the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in according with reasonable classifications and groupings of policyholders established by such Board.

6. Any and all General Executive Memos provided or furnished to you from January 1, 2001 to present regarding or pertaining to:

        a. State Farm's Excess Assurance Protection Program.

        b. Money distributions of State Farm earnings to policyholder members.

        c. The following policy provision:

> Policy Changes
> b. Policy Terms – The terms of this policy may be changed or waived only by:
>     (1) an endorsement issued by us; or

(2) the revision of this policy form to give broader coverage without an extra charge. If any coverage **you** carry is changed to give broader coverage, we will give **you** the broader coverage without the issuance of a new policy as of the date we make the change effective.

d. The following policy provision:

Membership. While this policy is in force, the first insured named I the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in according with reasonable classifications and groupings of policyholders established by such Board.

7. Any State Farm directives in your possession regarding record or document retention and disposal.

8. Any and all requests or recommendations that you have made to any Section Manager from January 1, 2001 to present requesting eligibility for or payment of benefits under State Farm's Excess Assurance Protection program.

9. Any and all letters you have signed from January 1, 2001 to present notifying any State Farm policyholder member that they are eligible and/or have been approved for protection under State Farm's Excess Assurance Protection program.

10. Any and all State Farm forms in use or available for your use from January 1, 2006 to present notifying or disclosing to a first party claimant or third party claimant, or their representatives, the existence of, or payment being made under, Excess Assurance Protection, Excess Insurance or any amount in excess of any bodily injury liability or uninsured/underinsured coverage limit stated on a State Farm policyholder's declarations page.

11. Any and all State Farm forms in use or available for your use from January 1, 2006 to present seeking release or discharge of liability from a policyholder member in association with State Farm's payment of benefits under uninsured/underinsured motorist coverage.

12. Any and all State Farm forms in use or available for your use from January 1, 2006 to present seeking release or discharge of liability from a third party claimant in association with State Farm's payment of benefits under its Excess Assurance Protection program.

13. Any and all State Farm forms in use or available for your use from January 1, 2006 to present seeking indemnification, hold harmless and defense from a first party claimant in association with State Farm's payment of benefits under uninsured/underinsured motorist coverage.

14. Any and all State Farm forms in use or available for your use from January 1, 2006 to present seeking indemnification, hold harmless and defense from a third party claimant in association with State Farm's payment of benefits under its Excess Assurance Protection program.

15. Any and all State Farm forms in use or available for your use from January 1, 2006 to present to disclose Excess Assurance Protection to a claimant in response to a specific request by a claimant to disclose availability of Excess Assurance Protection benefits or protection in excess of bodily injury liability or uninsured/underinsured motorist coverage limits stated on a policyholder member's declarations page.

16. Any and all intra-State Farm requests for insurance information you made to obtain information to respond to insurance disclosure requests by Plaintiffs for accidents of July 4, 2005 and March 15, 2006.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the process server with the Summons and Complaint.

THE SEIDEN LAW FIRM

Attorneys for Plaintiffs
301 Clematis Street, Suite 201
West Palm Beach, Fl. 33401
ph.: (561)615-8225

By:_____
    HENRY A. SEIDEN
    Fla. Bar No.: 436763

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

NEIL TRANCHESE and
PATRICIA TRANCHESE,

CASE NO.:
50 2008 CA 002226 XXXX MB AI

    Plaintiffs,

Fla. Bar No.: 436763

vs.

PATRICK DEBLASIO, KEN CHARLES
HIRSCHENSOHN, SCOTT JAMES
WALKER, JANE THACKREY and
STATE FARM MUTUAL
AUTOMOBILE INSURANCE,
COMPANY, a foreign corporation,
    Defendant(s).

COPY
RECEIVED FOR FILING

MAY 1 5 2008

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

_____/

## AMENDED COMPLAINT FOR DAMAGES

    Plaintiffs, Neil Tranchese and Patricia Tranchese, sue the Defendants, Patrick DeBlasio, Ken Charles Hirschensohn, Scott James Walker, Jane Thackrey and State Farm Mutual Automobile Insurance Company, a foreign corporation, and state:

### JURISDICTION AND IDENTIFICATION OF THE PARTIES

    1. This is an action for damages in excess of FIFTEEN THOUSAND ($15,000.00) Dollars, the minimum jurisdictional requirements of this Court, exclusive of fees and costs.

    2. At all times material hereto, Plaintiffs, Neil Tranchese and Patricia Tranchese, were and are husband and wife and residents of Broward County, Florida.

    3. At all times material hereto, Patrick DeBlasio was and is a resident of Tom's River, New Jersey and/or is concealing his whereabouts and committed a tortious act in Palm Beach County, Florida.

    4. At all times material hereto, Ken Charles Hirschensohn (hereinafter "Hirschensohn") was and is a resident of Palm Beach County, Florida.

    5. At all times material hereto, Scott James Walker (hereinafter "Walker") was and is a resident of Palm Beach County, Florida.

6. At all times material hereto, Defendant Jane Thackrey (hereinafter "Thackrey") was and is a resident of Palm Beach County, Florida.

7. At all times material hereto, Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") was and is a foreign corporation, authorized to do business in the State of Florida, maintained an office for the transaction of its customary business in Palm Beach County, Florida. Further, State Farm was and is a mutual insurance company.

8. At all times material hereto, John Doe as used herein is a non-gender specific name for multiple claimants whose identities are presently unknown.

9. At all times material hereto, Jane Doe is a non-gender specific name for multiple State Farm policyholders members who identifies are presently unknown.

## AGENCY

10. At all times material hereto, Hirschensohn and Walker were and are insurance adjusters employed by State Farm who were acting in the course and scope of their employment with State Farm with its permission and consent. Accordingly, State Farm is vicariously liable for the acts and omissions of Hirschensohn and Walker.

11. At all times material hereto, Thackrey was and is an insurance agent employed by State Farm who was acting in the course and scope of her employment with State Farm with its permission and consent. Accordingly, State Farm is vicariously liable for the acts and omissions of Thackrey.

## FACTS COMMON TO ALL COUNTS

12. On or about March 15, 2006, Patrick DeBlasio owned and operated a 2000 Honda motor vehicle, Vehicle Identification Number 1BHGP25342B530646 in a parking lot at or near 905 West Woolbright Road and S.W. 8th Street in Boynton Beach, Palm Beach County, Florida.

2

13. At said time and place, DeBlasio negligently operated and/or maintained said motor vehicle so that it collided with a vehicle owned and operated by Plaintiff, Neil Tranchese, causing loss, injury and damage to Neil Tranchese and derivative loss to Patricia Tranchese as a result of her husband's injuries.

14. At all times material hereto, State Farm was and is a mutual insurance company with premium paying policyholders, including Plaintiff, who are denominated "members" of the company, whose ownership rights in the company are their "membership interests," among which are the right to vote for directors, the right to disclosure of assets, liabilities and policyholder/member protection funds, proportionate payment of premiums and proportionate receipt of benefits, coverage, dividends and distributions.

15. At all times material hereto, Plaintiffs Neil Tranchese and Patricia Tranchese were and are State Farm policyholders and members. Plaintiffs do not have a complete and accurate copy of the policy in effect on July 4, 2005 and March 15, 2006 and therefore cannot attach same to this Complaint.

16. On or about May 9, 2007, State Farm distributed $2,700,000 to Valda Bell on behalf of State Farm policyholder/members Kim Dieli and Ludvico Dieli whom State Farm insured for bodily injury coverage limits of $50,000 for a December 19, 2005 car accident the Dielis had with Valda Bell.

17. At all times material hereto, State Farm distributed millions of dollars to unnamed John Doe claimants on behalf of Jane Doe policyholder members through State Farm's Excess Assurance Protection program.

18. At all times material hereto, State Farm did not charge any additional premium to Kim Dieli, Ludvico Dieli and the Jane Does for benefits obtained from State Farm's Excess Assurance Protection program.

19. At all times material, State Farm and its claim-representatives had a duty to fully, completely, truthfully and timely strictly comply with Plaintiffs' insurance information disclosure request.

20. At all times material hereto, State Farm had a duty to truthfully declare and notify all policyholder members, including Plaintiffs of benefits, dividends, premiums distributions and coverages; rights, entitlements or payments made under its Excess Assurance Protection program; file truthful declarations of assets, liabilities and expenses in documents filed with governmental agencies; and furnish all policyholders members with the same information to enable them to exercise their right to vote as members.

21. At all times material hereto, State Farm and its employees, including but not limited to Hirschensohn, Walker and Thackrey, willfully, wantonly, intentionally, deliberately, maliciously with evil intent and/or without legal justification or excuse, with evil intent and/or without legal justification or excuse, fraudulently and with reckless disregard for Plaintiffs deceptively were and are involved in a scheme, plan and device defraud and deceive both policyholder members and claimants, whether third or first party, by misrepresenting and/or refusing to disclose benefits available under its Excess Assurance Program, as well as coverages, effective dates, attachment of declarations pages and representations of truthfulness and immediate disclosure amendment under the aforesaid policy.

22. At all times material hereto, State Farm paid Excess Assurance Protection benefits of $2.7 million to Valda Bell on May 9, 2007 on behalf of policyholder members Kim Dieli and Ludvico Dieli.

23. On January 2, 2008, State Farm declared under oath that its March 23, 2007 Excess Assurance Letter is not an insurance policy nor does it constitute a change, revision, amendment, endorsement or waiver of any insurance policy or policy provision.

24. On March 18, 2008, State Farm declared under oath that State Farm accounted for its $2.7 million payment to Valda Bell under the same category as payment of $50,000 under the Dielis' bodily injury liability coverage.

25. At all times material hereto, Plaintiffs were insured under the same or similar policy form and had same or similar bodily injury liability coverage as the Dielis.

26. On June 21, 2006, Plaintiffs notified State Farm of claims and demand for coverage arising from injury-producing car accidents involving Plaintiff Neil Tranchese on July 4, 2005 and March 15, 2006 and demanded disclosure of Plaintiffs' insurance coverage information and a copy of their policy within 30 days pursuant to Section 627.4137, Florida Statutes.

27. On December 17, 2007, in response to Plaintiffs' June 21, 2006 insurance disclosure request pursuant to Section 627.4137 for the July 4, 2005 accident, State Farm and Walker willfully, wantonly, intentionally, deliberately, maliciously with evil intent and/or without legal justification or excuse, and with reckless disregard for Plaintiffs declared under penalty of perjury that State Farm provided $100,000 in bodily injury liability coverage and $25,000 in uninsured/underinsured motorist coverage to Plaintiffs under policy number 8872-859-59G for a 2005 Hyundai Tucson Sport Wagon, VIN KM8JM12B75U097836 and the disclosure would be amended should facts become known which would alter the disclosure information and a copy of the policy was enclosed.

28. Said response violated Florida law as it was untimely, incomplete, fraudulent, deceptive and false. The State Farm noncompliant disclosure was sent 18 months after Plaintiffs' request. State Farm and Walker willfully, wantonly, intentionally, deliberately, maliciously with evil intent and/or without legal justification or excuse, with utter and reckless disregard for Plaintiffs refused to provide any insurance disclosure until 18 months after Plaintiffs' request, did not include the declarations page in the response while stating under penalty of perjury that the policy was being provided, did not provide

a signed UM rejection/selection form for said policy, did not disclose the existence of policy no. 8060-0375-59P and did not disclose unlimited bodily injury liability and uninsured/underinsured motorist limits provided through State Farm's Excess Assurance Protection program or any information about the Excess Assurance Program, all of which State Farm and Walker knew or should have known as December 17, 2007.

29. On December 27, 2007, in response to Plaintiffs' June 21, 2006 insurance disclosure request pursuant to Section 627.4137 for the March 15, 2006 accident, State Farm and Hirschensohn willfully, wantonly, intentionally, deliberately, maliciously with evil intent and/or without legal justification or excuse, and with reckless disregard for Plaintiffs declared under penalty of perjury that State Farm provided $100,000 in bodily injury liability coverage and $25,000 in non-stacking uninsured/underinsured motorist coverage to Plaintiffs under policy number 8060-375-59P for a 2002 Dodge Caravan, VIN 1B4GP25342B530616, the disclosure would be amended should facts become known which would alter the disclosure information and a copy of the policy was enclosed.

30. Said response violated Florida law as it was untimely, incomplete, fraudulent, deceptive and false. The State Farm noncompliant disclosure was sent 18 months after Plaintiffs' request. State Farm and Walker willfully, wantonly, intentionally, deliberately, maliciously with evil intent and/or without legal justification or excuse, with utter and reckless disregard for Plaintiffs refused to provide any insurance disclosure until 18 months after Plaintiffs' request, did not include the declarations page in the response while stating under penalty of perjury that the policy was being provided, did not provide a signed UM rejection/selection form for said policy, did not disclose the existence of policy no. 8872-859-59G and did not disclose unlimited bodily injury liability and uninsured/underinsured motorist limits provided through State Farm's Excess Assurance Protection program or any information about the Excess Assurance Program, all of which State Farm and Walker knew or should have known as December 27, 2007.

31. On or about February 8, 2008, State Farm again misrepresented coverages by delivery of policies that lacked declarations pages for the effective dates of coverage for the July 4, 2005 and March 15, 2006 accidents as well as current UM selection/rejection pages.

32. At all times material hereto, neither State Farm, Walker nor Hirschensohn amended the aforesaid insurance disclosures of December 17, 2007 or December 27, 2007 to correct with falsehoods with known truths.

33. On December 21, 2007, during the time period that it refused to respond to his statutory insurance information request, State Farm, by and through employee Nicki DiResta, willfully, wantonly, intentionally, deliberately, maliciously with evil intent and/or without legal justification or excuse, and with reckless and callous disregard for the rights of Plaintiff fraudulently deceived Plaintiff Neil Tranchese by falsely notifying Plaintiff that his duties under the uninsured motorist portion of his State Farm uninsured/undersinsured motorist coverage required him to sign and return a medical authorization that permitted State Farm as well as unspecified subsidiaries, affiliates and legal representatives to engage in personal ex parte communications and discussions of any type with Mr. Tranchese's medical care providers for anything including "medical options, conclusions, treatment plans and other information" and to give the records to other insurers.

34. The aforesaid representations by State Farm and DiResta were false, fraudulent and deceitful. State Farm's uninsured motorist coverage form later produced by State Farm only provided for Plaintiff to sign a medical authorization permitting State Farm to obtain his medical reports and records. It did not contain any provision for Plaintiff to sign any authorization allowing State Farm as well as unspecified subsidiaries, affiliates and legal representatives to engage in personal ex parte communications and discussions of any type with Plaintiff's medical care providers for anything including

"medical options, conclusions, treatment plans and other information" and to give the records to other insurers.

35. At all times material hereto, State Farm willfully, wantonly, intentionally, deliberately, maliciously with evil intent and/or without legal justification or excuse, and with reckless and callous disregard for the rights of Plaintiff falsely, fraudulently and deceptively represented to Plaintiff that:

a. Plaintiff had $100,000 in bodily injury liability coverage and $25,000 in nonstacking uninsured/underinsured motorist (UM/UIM) coverage for each accident claim.

b. That Plaintiff had rejected stacking UM/UIM coverage.

c. That he and State Farm would amend the disclosure when facts became known that called for amendment.

d. That a copy of the policy was provided.

36. On or about February 8, 2008 and May 5, 2008, State Farm willfully, wantonly, intentionally, deliberately, maliciously with evil intent and/or without legal justification or excuse, and with reckless disregard for Plaintiff represented to Plaintiff that Plaintiff had $25,000 in underinsured motorist coverage for the July 4, 2005 accident and July 4, 2005 for the March 15, 2006 accident.

37. On or about February 8, 2008 and May 5, 2008, State Farm knew from its investigation of Plaintiff and receipt of his medical information that Plaintiff was an elderly person as defined by Florida law, suffered from medical conditions, including but not limited to sequela from head trauma, high blood pressure, physical pain and advanced age and was peculiarly susceptible to State Farm's demonstration of its superior knowledge and power over him.

38. At all times material hereto, State Farm meant to and did exercise its power over Plaintiff to coerce him and cause him distress and duress by falsely and deceptively stating that neither of his claims were evaluated in excess of $100,000 while

○

simultaneously paying him two $25,000 amounts in excess of $100,000 and not properly disclosing his insurance coverages and/or responding to inquiries and providing information per his inquiries about other benefits available to Plaintiff as a member of State Farm.

39. On or about February 8, 2008 and May 5, 2008, State Farm knew that Plaintiff had medical bills and expenses exceeding State Farm's disclosed $25,000 UM/UIM limits for each accident and also had a subrogation claim against him from Humana, his health insurer, the total of which exceeded the $50,000 disclosed by State Farm in combined UM/UIM benefits for both accidents.

40. On February 8, 2008, State Farm, by and through employee Mary Tamberino, willfully, wantonly, intentionally, deliberately, maliciously with evil intent and/or without legal justification or excuse, and with reckless disregard for Plaintiff falsely and fraudulently represented to Plaintiff that neither claim that Plaintiff had arising from his July 4, 2005 and March 15, 2006 accidents had a value of more than $100,000 which was the limit of the tortfeasor's bodily injury liability coverage for each accident and that Plaintiff is not entitled to any UM/UIM benefits.

41. On February 8, 2008 and May 5, 2008, State Farm knew it was one of the world's largest insurance companies and claim evaluation organizations and that its insureds and claimants, including but not limited to Plaintiff, relied upon its evaluations and representation of said evaluations as being truthful.

42. On May 5, 2008, State Farm, by and through employee Greta Wallace, willfully, wantonly, intentionally, deliberately, maliciously with evil intent and/or without legal justification or excuse, and with reckless disregard for Plaintiff falsely and fraudulently represented to Plaintiff and the Florida Department of Financial Services that neither claim that Plaintiff had arising from his July 4, 2005 and March 15, 2006 accidents had a value of more than $100,000 which was the limit of the tortfeasor's